UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Dejoun Taylor, <br><br> Plaintiff, <br> v. <br><br> CCB Credit Services, Inc.; and <br> DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Dejoun Taylor, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. Plaintiff, Dejoun Taylor ("Plaintiff"), is an adult individual residing in Temple Hills, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant CCB Credit Services, Inc. ("CCB"), is an Illinois business entity with an address of 5300 South 6th Street, Frontage Road East, Springfield, Illinois 62703, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CCB and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CCB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $9,830 (the "Debt") to Honda (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CCB for collection, or CCB was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCB Engages in Harassment and Abusive Tactics

12. One of the Defendant Collectors, who identified herself as "Mary," telephoned the Plaintiff as frequently as four times each day, including on weekends.

13. The Defendants were rude and verbally abusive toward the Plaintiff during

telephone conversations, and frequently yelled at the Plaintiff.

14. The Defendants continued to telephone the Plaintiff despite his requests that they stop calling him.

15. The Defendants threatened the Plaintiff in various ways. They told the Plaintiff that the Defendants would initiate a legal action against him, which they have not done.

16. The Defendants also threatened to garnish the Plaintiff's wages and to ruin his credit rating.

17. The Defendants repeatedly telephoned the Plaintiff at his place of employment, despite their knowledge that he could not receive telephone calls while at work.

18. The Defendants failed to mail the Plaintiff any written correspondence, informing him of his right to dispute the Debt, or any other rights under state or federal law.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

22. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that the Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with garnishment if the debt was not paid.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants

failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, ET SEQ.

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Defendants are each a "collector" as defined under MD. Code Comm. Law § 14-201(b).

40.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

41.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or

abuse, in violation of MD. Code Comm. Law § 14-202(6).

42. The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

43. The Plaintiff suffered emotional distress and mental anguish as a result of the Defendants' repeated contact.

44. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Maryland state law.

48. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with multiple telephone calls each day.

49. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

50. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
7. Punitive damages; and
8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 21, 2010

                        Respectfully submitted,

                        By /s/ Forrest E. Mays

                        Forrest E. Mays (Bar No. 07510)
                        2341 N Forrest Drive, Suite 90
                        Annapolis, MD  21403
                        Telephone: (410) 267-6297
                        Facsimile: (410) 267-6234
                        Email: mayslaw@mac.com
                        MD Bar No. 07510

                        <u>Of Counsel To</u>
                        LEMBERG & ASSOCIATES L.L.C.
                        A Connecticut Law Firm
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Facsimile:  (877) 795-3666
                        Attorneys for Plaintiff